# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) |
| | ) CRIMINAL NO. 2:17-cr-52-DBH |
| ANTHONY ALMEIDA, III, | ) |
| TYLER DAMON AND | ) |
| RICHARD SYLVESTER, | ) |
| | ) |
| DEFENDANTS | ) |

## ORDER ON DEFENDANTS' MOTION TO SUPPRESS

The case manager has brought to my attention that in ruling from the bench yesterday on the motion to suppress, I did not actually say that the motion was "DENIED." I am confident that it was apparent to all that I did indeed deny the motion. (At the end of my ruling, I asked if there was any confusion and none was pointed out.) But I should have used the word "DENIED," and I do so now.

To recapitulate, I concluded that:

1. The three defendants had no reasonable expectation of privacy in the Impala that law enforcement stopped and searched on August 19, 2016. None of them was in the vehicle or had any demonstrated connection to the vehicle.

2. The three defendants had no reasonable expectation of privacy in the duct-taped packages that law enforcement discovered in the vehicle.

3. If in fact there were some unconstitutionality in the vehicle search, the three defendants suffered no violation of their own constitutional rights that

would support their standing to make a "fruit of the poisonous tree" argument under Wong Sun v. United States, 371 U.S. 471 (1963).  Accord United States v. Olivares-Rangel, 458 F.3d 1104, 1117 (10th Cir. 2006).

4. The two defendants Sylvester and Damon were not in custody when the trooper and warden asked them questions outside the Skowhegan Walmart later that same day, and therefore Miranda warnings were not required.

5. The two defendants Sylvester and Damon revealed their cell phone numbers voluntarily.

6. Revelation of the phone numbers is the only subject of the suppression motion with respect to the Walmart encounter, given the government's agreement reflected in ¶ 8 *infra*.

7. Therefore, there is no defect in the contents of the applications for the search warrants that resulted from the traffic stop and the Walmart encounter.

8. The government has agreed that it will not seek to introduce at trial the name that appeared on the defendant Sylvester's cell phone when it rang during the Walmart encounter and the trooper took it from him.

For all those reasons, the motion to suppress, as joined in by all three defendants is **DENIED**.  Greater elaboration and factual findings are available on the record of the September 27, 2017, hearing.

**SO ORDERED.**

**DATED THIS 28TH DAY OF SEPTEMBER, 2017**

/S/ D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**